UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00257-RJC
(3:19-cr-00093-RJC-DCK)

| | |
|---|---|
| TONY OBRIAN DAVIS, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court on Petitioner's Pro Se Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, [CV Doc. 1],[1] and Petitioner's Pro Se motion for an evidentiary hearing, motion for appointment of counsel, motion requesting that "he may be present for all future proceedings, and "Motion for leave of court to file supplemental pleadings or claims," which the Court construes as a motion to amend Petitioner's motion to vacate, [CV Docs. 3, 4, 9].

## I. BACKGROUND

In February 2019, after observing what appeared to be a drug transaction in Petitioner's car, officers conducted a traffic stop because Petitioner was not wearing his seat belt and his car had a fictitious temporary tag. [CV Doc. 67 at ¶¶ 11-12: Presentence Investigation Report (PSR)]. As officers were pulling him over, Petitioner started reaching throughout his car and then down

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:23-cv-00257-RJC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:19-cr-00093-RJC-DCK.

his pants. [Id. at ¶ 12]. Officers found baggies containing 3.71 grams of cocaine base and a hydrocodone pill on Petitioner, as well as $357 in small bills. [Id.].

A week later, officers conducting surveillance at a parking lot known for drug activity saw Petitioner appear to engage in drug transactions. [Id. at ¶ 13]. Petitioner drove away and made an illegal U-turn in the middle of the street when a marked patrol car approached him. [Id. at ¶ 14]. Petitioner parked his car and began to walk away after officers activated their lights. [Id.]. Petitioner had 4.86 grams of cocaine base and $625 in small bills on his person and a firearm and 55.32 grams of marijuana in his car. [Id. at ¶¶ 14-15, 17]. Petitioner waived his Miranda rights and told officers that he had been selling marijuana in the parking lot, he had the firearm for protection, and he had been selling crack cocaine. [Id. at ¶ 16]. Petitioner admitted that he had recently purchased 14 grams of crack cocaine and that he had been buying seven grams of crack cocaine per day about four times a week for about a year. [Id.]. He stated that, during the past six months, he had also paid $1,200 for another 28 grams of crack cocaine from one individual and had received 4 ounces of crack cocaine from another. [Id.].

On March 20, 2019, Petitioner was charged in a Bill of Indictment with one count of conspiracy to distribute and to possess with intent to distribute 280 grams or more of a mixture and substance containing cocaine base, in violation of 21 U.S.C. § 846 (Count One); one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (Count Two); one count of possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Three); and one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count Four) [CR Doc. 11: Bill of Indictment]. After having been appointed four different attorneys [see 7/16/2020 Text Order],

Petitioner agreed to plead guilty to Count Two in exchange for the dismissal of the remaining charges. [CR Doc. 49 at ¶¶ 1-2: Plea Agreement].

Under the terms of the plea agreement, Petitioner agreed that he understood that the Court would consider the advisory sentencing guidelines in determining his sentence, that the Court had not yet determined his sentence, and that it had the discretion to impose any sentence up to the 20-year statutory maximum. [Id at ¶¶ 5, 7]. The parties agreed to jointly recommend that the amount of cocaine base that was reasonably foreseeable to Petitioner "was in excess of 280 grams," that "[n]otwithstanding any other recommendation" the Court could apply the career offender enhancement if it determined that it applied, and that the parties could argue their respective positions regarding any other reductions or enhancements. [Id. at ¶ 8]. Petitioner agreed to waive his right to challenge his conviction and sentence in any appeal or post-conviction proceeding, except for claims of ineffective assistance of counsel and prosecutorial misconduct. [Id. at ¶¶ 16-17]. Petitioner also agreed that, if he assisted the Government, the Government retained the "sole discretion" to determine whether his assistance was substantial. [Id. at ¶ 25].

On January 22, 2020, a magistrate judge conducted a Rule 11 plea hearing. [1/22/2020 Docket Entry]. At the plea hearing, Petitioner confirmed that he had received a copy of the Indictment, had discussed it with his attorney, and understood that the charge he was pleading guilty to was possession with intent to distribute cocaine base, which carried a maximum term of 20 years' imprisonment. [CR Doc. 125 at 4-5, 8-9: Plea Tr.]. Petitioner affirmed that he had discussed the sentencing guidelines with his attorney, that he understood he could receive a sentence higher or lower than the guideline range, and that he could not withdraw his guilty plea even if the Court imposed a sentence more severe than expected. [Id. at 6-7]. Petitioner also affirmed that he understood that by pleading guilty he was giving up his right to a trial. [Id. at 8].

The prosecutor summarized the plea agreement, and Petitioner told the Court that he had "been over the plea agreement with my lawyer" and that he understood and agreed with its terms. [Id. at 11-12]. Petitioner affirmed understanding the waivers in his plea agreement and told the Court that he understood and agreed with the factual basis. [Id. at 12-15].

Petitioner testified that no one had threatened, intimidated, or forced him to plead guilty or made any promises of leniency or a light sentence to induce him to plead guilty. [Id. at 15]. Petitioner affirmed that he had had sufficient time to discuss any possible defenses to the charges with his attorney and that he was satisfied with his attorney's services. [Id. at 16-17]. Petitioner expressed some reluctance over pleading guilty, but stated that he still wished to do so, explaining that he did not want to go to trial and risk "losing [his] whole life." [Id. at 17-20]. When the magistrate judge asked whether he had reviewed the discovery, Petitioner replied, "no." [Id. at 18]. Petitioner's attorney explained that he had "received all the documents from the government" and that, although Petitioner had not had the documents physically in front of him, they had discussed them, and Petitioner was "familiar with the evidence." [Id. at 18-19]. Defense counsel confirmed that he believed that Petitioner was pleading guilty freely and voluntarily, noting that "he's always stated that he would rather plead than go to trial." [Id. at 20]. Counsel explained that Petitioner had rejected some earlier plea offers, that the parties had negotiated the present plea agreement, and, although it did not have everything Petitioner wanted, he was knowingly and voluntarily agreeing to it. [Id. at 20-21]. The magistrate judge accepted Petitioner's guilty plea, finding it knowing and voluntary. [Id. at 21-22].

Before sentencing, a probation officer prepared a presentence report. The probation officer recommended a base offense level of 32 based on the total drug weight as well as a two-level firearm enhancement. [CR Doc. 67 at ¶¶ 24-25]. The probation officer also recommended that

Plaintiff qualified as a career offender, identifying Petitioner's three prior qualifying offenses, including Possession with Intent to Distribute Crack Cocaine, Strong Arm Robbery, and Possess with Intent to Sell and Deliver Marijuana. [Id. at ¶ 30 (applying the 2018 Guidelines); see id. at ¶¶ 43-44, 50]. Because, however, the career offender offense level of 32 was less than the otherwise applicable level of 34, the probation officer recommended that the offense level remain at 34. [Id.]. After a three-level reduction for acceptance of responsibility, the total offense level was 31. [Id. at ¶¶ 31-33]. With a criminal history score of VI, the probation officer noted that the sentencing guidelines yielded a range of 188 to 235 months' imprisonment. [Id. at ¶¶ 57, 112].

At the sentencing hearing in January 2021, Petitioner again requested a new attorney. [CR Doc. 130 at 2-4: Sentencing Tr.]. The Court denied Petitioner's request, noting that:

> Mr. Meier is your fourth attorney. You've expressed dissatisfaction with each of the four attorneys who have represented you in this case, some of the finest attorneys that we have in the Western of District of North Carolina. I don't think appointment of any additional attorneys is going to solve any problems in this case…. There have been ten motions filed by you with respect to the status of counsel.
>
> I've reviewed the Rule 11 hearing. I believe that you made a voluntary and knowing plea of guilty as set forth in the Plea Agreement. I do not see on this record ineffective assistance of counsel.

[Id. at 4-5]. The Court also denied Petitioner's motion to continue sentencing. [Id. at 5-6]. Petitioner asserted that he had asked his attorney to "appeal" the plea agreement within the 14-day window and negotiate different terms, which his attorney denied having occurred. [Id. at 6-7]. The Court treated Petitioner's request to "appeal" as a motion to withdraw his guilty plea and denied it, finding that Petitioner's guilty plea was knowingly and voluntarily made. [Id. at 7]. The Court noted that it had listened to the audio recording of the plea proceedings and found it to be consistent with the plea transcript. [Id.]. As to drug quantity, Petitioner argued that he should not

be responsible for 1,400 grams of crack cocaine, but rather only the amount with which he was found. [Id. at 13-15]. Petitioner also objected to the career offender enhancement. He argued that his South Carolina conviction for Possession with Intent to Distribute Crack Cocaine was part of the Youthful Offender Program and that, although at the time it was considered an adult conviction, South Carolina had since raised the age limit for adult convictions to 18. [Id. at 38-39]. Petitioner argued that his conviction for Possession with Intent to Sell and Deliver Marijuana should not support the career offender enhancement because it involved only "about 3 grams of unbagged marijuana." [Id. at 39-40]. Petitioner asked the Court to depart below the guidelines and impose a ten-year sentence. [Id. at 46]. Petitioner allocuted, stating "I accept full responsibility for the crimes I committed," and asked the Court to "be as lenient as possible and take into account the fact that my criminal history has been embellished." [Id. at 46-47].

The Government presented testimony from the detective who Mirandized the Petitioner to establish that Petitioner waived his right to remain silent before speaking with officers about historical drug weight. [Id. at 15-23]. The detective testified that Petitioner admitted to possession of the firearm in the car and to selling narcotics for a year to a year and a half. [Id. at 19, 21-22]. The detective also testified that Petitioner admitted that he bought about seven grams four times a week from one person for about a year and that over the past six months he had purchased an additional 152 grams from other people. [Id. at 20-21]. Finally, the detective testified that Petitioner admitted that he sold this crack cocaine for profit. [Id. at 21].

The Court found the detective's testimony credible, and that Petitioner waived his Miranda rights. [Id. at 35]. The Court concluded that the drug amounts used in the PSR are consistent with Petitioner's admissions, but that "[o]ut of an abundance of caution," the Court decided to use the amount pled to rather than the information in the PSR. [Id. at 35-36; see CR Doc. 49 at ¶ 8(c)].

6

Case 3:23-cv-00257-RJC   Document 10   Filed 09/15/23   Page 6 of 19

The Court, therefore, partially granted Petitioner's drug weight objection and used a base offense level of 30 for a drug weight of 280 to 840 grams, rather than 32 for a drug weight of 840 grams to 2.8 kilograms. [Id. at 36; see U.S.S.G. § 2D1.1(c)]. The Court overruled Petitioner's objection to the firearm enhancement because, while it appeared the § 924(c) charge "was bargained away … the 2-level adjustment for possessing the weapon in connection with the underlying offense is proper" and "readily supported by the evidence." [Id. at 37-38]. The Court also overruled Petitioner's objection to the career offender enhancement, finding that Petitioner's three prior convictions supported the enhancement. [Id. at 41]. The Court determined that, with or without the career offender enhancement, Petitioner's total offense level was 29 and that his criminal history category was VI, yielding an advisory guideline range of 151 to 188 months' imprisonment. [Id. at 42-43; see U.S.S.G. §4B1.1(b)]. Emphasizing Petitioner's "relentless" recidivism and noting the "very serious nature" of Petitioner's offense, the Court sentenced Petitioner to a term of imprisonment of 180 months. [Id. at 48-51]. The Court later reduced Petitioner's sentence to 120 months. [CR Doc. 141].

Petitioner appealed his conviction and sentence. United States v. Davis, No. 21-4058, 2022 WL 1566771 (4th Cir. 2022). Petitioner's attorney filed an Anders brief but questioned whether Petitioner's conviction and sentence were invalid "on numerous grounds," including whether Petitioner's guilty plea was valid; various claims of ineffective assistance of counsel; the denial of Petitioner's motion to substitute his fourth appointed counsel; and multiple challenges to Petitioner's sentence, including this Court's drug weight and guidelines range calculations. Id. at *1-3. Petitioner also filed original and supplemental pro se briefs raising numerous challenges to his conviction and sentence. Id. at *1. On May 18, 2022, the Fourth Circuit affirmed. Id. at *4. The Court concluded that any omissions during the Rule 11 proceeding did not affect Petitioner's

substantial rights.  Id.  The Court held that Petitioner's sentence was reasonable and that there was "no breach of the plea agreement's plain terms, based on either the Government's arguments related to its sentencing recommendation or its failure to object to the district court's application of the firearm enhancement."  Id. at *3.  On Petitioner's argument that he did not participate in a presentence interview or submit a statement of relevant conduct to the probation officer, the Court found that Petitioner had ample opportunity to present pro se arguments at sentencing and the record did not disclose why these omissions occurred or that Petitioner was prejudiced.  Id.  The Court held that this Court properly calculated Petitioner's guideline range and criminal history score.  Id.  The Court did not resolve the challenge to the career offender enhancement, noting that Petitioner's guidelines range "remained the same whether calculated under the career offender Guidelines or the offense level and criminal history score attributable to solely to his offense conduct."  Id. at *3 n.3.  Finally, the Court declined to address Petitioner's "myriad claims" of ineffective assistance of trial counsel, reserving those instead for a § 2255 motion.  Id. at *2.  Petitioner did not petition the Supreme Court for writ of certiorari.

On April 25, 2023, Petitioner timely filed the pending motion to vacate.  [CV Doc. 1; see id. at 13].  Petitioner makes several challenges to his sentence.  He argues that two of his prior qualifying career offender offenses were "attempt controlled substance offenses" that no longer qualify as predicates under Campbell.[2]  [CV Doc. 1 at 4].  He argues that unidentified marijuana convictions adversely affected his criminal history score, causing a "more severe sentence."  [Id.].  He claims that federal law has been amended to correct unconstitutional sentencing disparities "concerning marijuana and cocaine base" and that he was sentenced "more harshly than new crack

---

[2] In United States v. Campbell, the Fourth Circuit recently held that the career offender provision of the guidelines did not extend the definition of "controlled substance offense" to attempts to commit the substantive offenses enumerated in the definition.  22 F.4th 438, 445-46 (4th Cir. 2022).

offenders." [Id.]. Referencing unidentified "reforms by Attorney General Merrick Garland directing cocaine [and] crack be equal for current offenders under 1 to 1 ratio," Petitioner contends that his equal protection rights were violated. [Id. at 5]. Petitioner also argues that "841 is an attempt offense [and] therefore not an applicable offense to be a federal offense." [Id. at 5-6].

Petitioner also makes several claims of ineffective assistance of counsel. [Id. at 7]. He contends that his "counsel was ineffective through [the] entire judicial process." [Id.]. Petitioner claims that his attorney "never reviewed discovery and was unprepared," never presented Petitioner's alibi defense to the Court, "misinformed and used intimidating tactic to persuade guilty plea," disregarded Petitioners "apprehension" at the Rule 11 hearing, was unaware at sentencing of the statutory maximum sentence as stated in the plea agreement, and failed to argue against career offender status. [Id.]. Petitioner alleges that his attorney "failed to request 3553 factors including but not limited to requesting variance for mental health conditions and failure to argue deserved departure." [Doc. 1-1 at 5]. Petitioner alleges that his attorney "failed to produce court document from State cases to argue the Modified Categorical Approach instead of the Categorical Approach." [Id.]. Petitioner also alleges that his appellate attorney "filed an Anders brief [and] was unwilling to prepare [a] proper direct appeal." [CV Doc. 1 at 7]. Petitioner claims "prosecutorial misconduct considering breach of the plea agreement … so as to say debriefing measures were met and 3553 provisions were ignored and relief was'nt [*sic*] granted." [Id. at 8]. As to prejudice, Petitioner states that "[t]he Strickland prong was satisfied because had attorney not been ineffective the result of sentence and plea would have been different." [CV Doc. 1-1 at 5]. For relief, Petitioner asks that his sentence be vacated and reduced. [Id. at 12].

Petitioner has since filed a motion for an evidentiary hearing, a motion for appointment of counsel, and a motion requesting that "he may be present for all future proceedings" in this matter.

9

[CV Docs. 3, 4]. On July 31, 2023, Petitioner filed an unsigned "Addendum in Support of 2255 MOTION," in which he asks the Court to consider his "mental [and] emotional health throughout his life" under U.S.S.G. 5H1.3 and claims that his attorney was ineffective for failing to move "for variance under 5H1.3 or 5K2.1."³ [CV Doc. 7]. After an extension, the Government responded to Petitioner's motion to vacate. [CV Doc. 8; 7/13/2023 Text Order]. Petitioner did not reply. On September 12, 2023, Petitioner filed an untimely motion to amend his motion to vacate. [CV Doc. 9].

This matter is now ripe for adjudication.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Under 28 U.S.C. § 2255, a petitioner is entitled to relief when his original sentence "was imposed in violation of the Constitution or laws of the United States, or [when] the court was without jurisdiction to impose such sentence, or [when] the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Under the Rules Governing Section 2255 Proceedings for the United States District Courts, an applicant for

---

³ This unsigned Addendum is not properly considered here and must be stricken. See Fed. R. Civ. P. 11(a). The Court, however, notes that, even if Petitioner had signed this filing, it would not change the outcome of this proceeding in any event.

relief under § 2255 must "specify all the grounds for relief available" and "state the facts supporting each ground." Rule 2(b)(1)-(2).

### A. Ineffective Assistance of Counsel

Petitioner claims that he received ineffective assistance during the plea proceedings, at sentencing, and on direct appeal. The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

To establish prejudice in the context of a guilty plea, a petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). The petitioner's "subjective preferences" are not dispositive,

but rather the test is "whether proceeding to trial would have been objectively reasonable in light of all the facts," United States v. Fugit, 703 F.3d 248, 260 (4th Cir. 2012), and whether the petitioner has shown that there is "contemporaneous evidence" supporting his expressed preferences, Lee v. United States, 137 S.Ct. 1958, 1967 (2017).

In evaluating claims under § 2255, statements made by a defendant under oath at the plea hearing carry a "strong presumption of verity" and present a "formidable barrier" to subsequent collateral attacks. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). "[C]ourts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." United States v. Lemaster, 403 F.3d 216, 216, 221-22 (4th Cir. 2005). Indeed, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should dismiss … any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Id. at 221-22.

When a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea." United States v. Moussaoui, 591 F.3d 263, 279 (4th Cir. 2010). Thus, a knowing and voluntary guilty plea "forecloses federal collateral review" of prior constitutional deprivations, including allegations of ineffective assistance of counsel that do not affect the voluntariness of the plea. See Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1294-96 (4th Cir. 1992); accord United States v. Torres, 129 F.3d 710, 715 (2d Cir. 1997); Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992); Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983). A guilty plea is valid when it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000) (citing North Carolina v. Alford, 400 U.S. 25, 31 (1970)).

As a preliminary matter, Petitioner's claims that his trial attorney provided ineffective assistance are subject to dismissal as conclusory. See United States v. Dyess, 730 F.3d 354, 359-60 (4th Cir. 2013) (holding it was proper to dismiss § 2255 claims based on vague and conclusory allegations). Petitioner claims that his trial attorney did not review discovery or did not review discovery with him because his prior attorney had done so, was unprepared, did not present an alibi defense, intimidated him to plead guilty, and disregarded Petitioner's "apprehension" during the plea hearing. Petitioner's claim that his attorney intimidated him to plead guilty is belied by Petitioner's sworn testimony at the plea hearing that no one had threatened, intimidated, or forced him to plead guilty. [See CR Doc. 125 at 15]. Moreover, the magistrate judge explored Petitioner's concerns during the plea hearing and ensured that Petitioner wanted to plead guilty. Then, this Court reviewed that proceeding and denied Petitioner's oral motion to withdraw his plea at sentencing. See id. at 15-22; CR Doc. 130 at 7; see also Davis, 2022 WL 1566771, at *1 (holding plea proceedings were adequate). The Court, therefore, will deny Plaintiff's claims based on intimidation and apprehension.

In addition to being wholly conclusory,[4] Petitioner waived his claims regarding discovery, an unidentified alibi defense, and his counsel's lack of preparation by pleading guilty. "[A] guilty plea constitutes a waiver of all nonjurisdictional defects[.]" United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993). Thus, after a guilty plea, a defendant may not "raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Blackledge v. Perry, 417 U.S. 21, 29-30, 94 S.Ct. 2098 (1974). Rather, he is limited "to attacks

---

[4] Petitioner does not identify who could have provided an alibi for his having been found with drugs, nor any defenses counsel could have raised, and the record contradicts his claim that his attorney did not review discovery. [See CR Doc. 130 at 18-19 (reflecting that counsel had reviewed discovery and discussed it with Petitioner)].

on the voluntary and intelligent nature of the guilty plea, through proof that the advice received from counsel was not within the range of competence demanded of attorneys in criminal cases." Id. A guilty plea is valid when it "represents a voluntary and intelligent choice among the alternative course of action open to the defendant." Burket, 208 F.3d at 190 (citation omitted). The record shows that Petitioner's guilty plea was knowing and voluntary. Petitioner thus waived his claims of ineffective assistance on these grounds.

Petitioner also fails to allege or show any prejudice resulting from these alleged deficiencies. See Strickland, 466 U.S. at 687-88; Sexton, 163 F.3d at 882. His assertion that the result of the plea "would have been different" is conclusory. Petitioner does not allege that, had his counsel's pre-plea representation not been ineffective, he would have proceeded to trial on all four charges. Rather, Petitioner requests only a reduced sentence, not a trial. Moreover, any claim that he would have proceeded to trial on all four charges, including Count Four, which carries a five-year mandatory consecutive sentence, would not have been objectively reasonable. See Fugit, 703 F.3d at 260.

Petitioner also failed to show ineffective assistance at sentencing. When the ineffective assistance claim relates to a sentencing issue, the petitioner must demonstrate a "'reasonable probability' that his sentence would have been more lenient" but for counsel's error. Royal v. Taylor, 188 F.3d 239, 249 (4th Cir. 1999) (quoting Strickland, 466 U.S. at 694)). If the petitioner fails to meet this burden, the "reviewing court need not even consider the performance prong." Rhynes, 196 F.3d at 232.

Contrary to Petitioner's claim, his attorney did object to the career offender and firearm enhancements. [See CR Doc. 66; CR Doc. 130 at 36, 38-39]. Moreover, although his attorney mistakenly referred to a "ten-year mandatory minimum," he corrected himself, stating that "[w]e

would simply be asking for ten years." [CR Doc. 130 at 46]. Petitioner's claim that his attorney should have sought a variance or departure based on Petitioner's "mental health conditions," [CR Doc. 1-1 at 5], is also conclusory. He states no details regarding these alleged conditions or why they may have warranted a lower sentence. In sum, Petitioner has failed to show deficient performance at sentencing or a reasonable probability that he would have received a lower sentence but for his attorney's performance. See Strickland, 466 U.S. at 687-88; Royal, 188 F.3d at 249. These claims will also be dismissed.

Finally, Petitioner argues that his appellate counsel was ineffective for filing an Anders brief and not preparing a "proper appeal." This conclusory claim also fails. See Dyess, 730 F.3d 359-60. Petitioner has not shown what stronger issues counsel should have raised or a reasonable probability that he would have prevailed on appeal had such issues been raised. See Smith v. Robbins, 538 U.S. 259, 285-86, 288 (2000). The Court, therefore, will also dismiss this claim.

**B.   Sentencing Challenges**

Petitioner's sentencing challenges fail for several reasons. A knowing and voluntary waiver of the right to pursue post-conviction relief is enforceable. See Lemaster, 403 F.3d at 220. Petitioner waived the right to seek post-conviction relief, including under § 2255, in his plea agreement. Petitioner does not allege that his waiver was involuntary, and any such claim would contradict Petitioner's sworn testimony at his plea hearing. As such, the Court will dismiss Petitioner's sentencing challenges as waived.

Furthermore, Petitioner's challenge is not cognizable on collateral review. "[N]ot every alleged sentencing error can be corrected on collateral review… [O]nly those errors presenting a 'fundamental defect which inherently results in a complete miscarriage of justice' are cognizable." United States v. Foote, 784 F.3d 931, 932 (4th Cir. 2015) (quoting Davis v. United States, 417

U.S. 333, 346 (1974)). Petitioner's claims here are not cognizable because he does not identify an error resulting in a fundamental defect. See United States v. Pregent, 190 F.3d 279, 283-84 (4th Cir. 1999) ("[b]arring extraordinary circumstances, however, an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding"). The Court, therefore, also dismisses Petitioner's sentencing claims as not cognizable on collateral review.

Notwithstanding waiver and non-cognizability, Petitioner's claims lack merit. Petitioner was correctly found to be a career offender. Under U.S.S.G. §4B1.1(a), a defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. §4B1.1(a). Petitioner was 32 years old when he committed the offense of conviction. [CR Doc. 67 at 2-3]. Count Two, possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) is a controlled substance offense.[5] Finally, Petitioner has at least two prior convictions for a crime of violence or a controlled substance offense. See CR Doc. 67 at ¶¶ 43-44, 50; United States v. Simmons, 708 F. App'x 114, 114 (4th Cir. 2018) (holding South Carolina strong arm robbery is a "crime of violence" under the Guidelines); United States v. Miller, 75 F.4th 215, 230 (2023) (holding sale or delivery of a controlled substance under North Carolina law is a "controlled substance offense" under the Guidelines); United States v. Williams, 997 F.3d 519, 524-25 (4th Cir. 2021) (holding South Carolina conviction for possession with intent to distribute crack cocaine

---

[5] On this point, Petitioner argues that 21 U.S.C. § 841 "includes attempt offenses" and "should be excluded" as a controlled substance offense after Campbell. [CV Doc. 1-1 at 1]. United States v. Groves, 65 F.4th 166, 172-74 (4th Cir. 2023), decided just nine days before Petitioner filed his motion to vacate, directly undermines this argument. In Groves, the Fourth Circuit held that 21 U.S.C. § 841(a)(1) is a "controlled substance offense" under the career offender guideline. 65 F.4th at 172-74.

16

is categorically a "controlled substance offense"). As such, Petitioner was correctly sentenced as a career offender.[6]

Petitioner also contends that his equal protection rights were violated because his "[s]entence was harsh and unequal as too [*sic*] enhanced penalties based off cocaine and crack disparities." [CV Doc. 1 at 5]. He refers to "reforms by Attorney General Merrick Garland directing cocaine + crack be equal for current offenders under a 1 to 1 ratio," [CV Doc. 1 at 5], and argues that his sentence would be lower if he were sentenced today, [CV Doc. 1-1 at 2]. Petitioner recently moved for compassionate release in his criminal proceeding pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, seeking a sentence reduction on these same grounds. [CR Doc. 146]. The Court denied Petitioner's motion for his failure to demonstrate exhaustion of his administrative remedies under § 3582(c)(1)(A). [CR Doc. 153]. Petitioner cannot avoid the exhaustion requirements of § 3582 by seeking relief under § 2255 on these grounds. This claim will also be dismissed subject to Petitioner exhausting his administrative remedies and properly seeking relief under § 3582 in his criminal proceedings.

For these reasons, the Court will also dismiss Petitioner's sentencing challenges.

**C.    Prosecutorial Misconduct**

Petitioner also claims prosecutorial misconduct "considering breach of the plea agreement" such that "debriefing measures were met … and relief [wasn't] granted." [CV Doc. 1 at 8]. To the extent Petitioner claims that he was not rewarded for providing substantial assistance, the record plainly belies this assertion. [See CR Doc. 141]. Moreover, the Fourth Circuit also rejected

---

[6] As a career offender, Petitioner's criminal history category was VI. U.S.S.G. § 4B1.1(b). His criminal history score of 18 also yielded in a criminal history category of VI. [See CR Doc. 67 at ¶ 57]. Petitioner's claim that he should not receive criminal history points for attempt offenses, see CV Doc. 1-1 at 1, is incorrect. See U.S.S.G. §4A1.1.

17

Case 3:23-cv-00257-RJC   Document 10   Filed 09/15/23   Page 17 of 19

Petitioner's argument on direct appeal that the Government had not advised the Court of "the full extent" of his cooperation or filed a motion for downward departure. See Davis, 2022 WL 1566771, at *3; Pro Se Br., Davis, No. 21-4058 (4th Cir. June 16, 2021), ECF No. 24 at 2-3. Petitioner may not circumvent that ruling here. United States v. Linder, 552 F.3d 391, 396-97 (4th Cir. 2009). This claim will also be dismissed.

The Court will deny Plaintiff's other pending motions. An evidentiary hearing is unnecessary and Petitioner's motions for counsel and to be present at future proceedings in this matter are moot. Petitioner's motion to amend was filed after the one-year AEDPA limitations period, see 28 U.S.C. § 2255(f); Clay v. United States, 537 U.S. 522, 532 (2003), and, while the grounds asserted therein regard his career offender status, they do not relate back to Plaintiff's original motion to vacate, see Fed. R. Civ. P. 15(c), and they are meritless in any event.

## IV. CONCLUSION

For the foregoing reasons, the Court denies and dismisses Petitioner's Section 2255 motion to vacate.[7]

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Pro Se Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED**.

2. Petitioner's Pro Se Motions [Docs. 3, 4, 9] are **DENIED**.

3. Petitioner's Pro Se Addendum in Support of 2255 Motion [Doc. 7] is hereby **STRICKEN** from the record in this matter.

4. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of

---

[7] The Court notes that any claims or grounds asserted by Petitioner not specifically addressed herein have been considered and do not warrant relief under § 2255.

appealability.  See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS SO ORDERED**.

Signed: September 15, 2023

Robert J. Conrad, Jr.
United States District Judge