UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00257-RJC
(3:19-cr-00093-RJC-DCK)

| | |
|---|---|
| TONY OBRIAN DAVIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Petitioner's "Motion to Stay," [Doc. 12 at 1-2], which the Court construes as a motion for extension of time to reply to the Government's response to Petitioner's motion to vacate, and Petitioner's out-of-time reply, [Doc. 12 at 3-11].

On April 25, 2023, Petitioner filed a motion to vacate under 28 U.S.C. § 2255. [Doc. 1]. At the time, Petitioner was housed at USP McCreary in Pine Knot, Kentucky. [See Doc. 1-2]. On May 15, 2023, the Court ordered the Government to respond to Petitioner's motion to vacate within 60 days and ordered that any reply filed by Petitioner must be filed within 21 days of the Government's response. [Doc. 2]. The Clerk mailed a copy of this Order to Petitioner at USP McCreary the same day. [5/15/2023 (Court Only) Docket Entry]. It was not returned. On July 13, 2023, the Court granted the Government's motion for an extension of time to respond to Petitioner's motion to vacate until August 4, 2023 [7/13/2023 Text Order] and the Clerk mailed Petitioner a copy of the Text Order, again to USP McCreary [7/31/2023 (Court Only) Docket Entry]. On July 31, 2023, the Text Order was returned as undelivered. [Doc. 6]. The same day, Petitioner filed an "Addendum" to his motion to vacate. [Doc. 7]. On August 4, 2023, the

Government timely filed its response to the Petitioner's motion to vacate [Doc. 8], and, after having apparently investigated Petitioner's then-current location, served Petitioner at the Federal Transfer Center (FTC) in Oklahoma City, Oklahoma [see Doc. 8 at 22]. Petitioner's reply was, therefore, due by August 25, 2023. [See Doc. 2]. On September 12, 2023, Petitioner moved to amend his motion to vacate. [See Doc. 9]. On September 15, 2023, noting that Petitioner did not file a reply, the Court denied and dismissed Petitioner's motion to vacate and Petitioner's other pending motions. [Doc. 10; id. at 10].

Now before the Court is Petitioner's motion for extension of time to file a reply to the Government's response and Petitioner's proposed, but out-of-time, reply. [Doc. 12]. As grounds, Petitioner states that he did not receive the Government's response until September 13, 2023 "through institutional mail here at Florence USP in Colorado." [Id. at 1]. Petitioner complains that he was transferred from FTC Oklahoma to USP Florence on August 4, 2023, the same day the Government mailed its response, and that he "just now received important legal mail due to Goverments innaccurate location information." [Id. at 2 (errors uncorrected)]. The Court will deny Petitioner's motion. This matter has been adjudicated on the merits and, after review of Petitioner's proposed reply, nothing therein would have changed the Court's decision in any event. Moreover, litigants have a duty to notify the Court of their changes of address. See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) ("A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address."). Despite having apparently been transferred at least twice during these proceedings, Petitioner never notified the Court of a new address.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion [Doc. 12] is **DENIED**.

**IT IS SO ORDERED**.

Signed: September 28, 2023

Robert J. Conrad, Jr.
United States District Judge

3

Case 3:23-cv-00257-RJC   Document 13   Filed 09/28/23   Page 3 of 3