UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:23-cv-00257-RJC
(CRIMINAL CASE NO. 3:19-cr-00093-RJC-DCK-1)

| | |
|---|---|
| **TONY OBRIAN DAVIS,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's "Pro-Se Motion Rule 60(b)" [Doc. 15], which the Court will construes as a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure.

I.     BACKGROUND

On March 20, 2019, Petitioner was charged in a Bill of Indictment with one count of conspiracy to distribute and to possess with intent to distribute 280 grams or more of a mixture and substance containing cocaine base, in violation of 21 U.S.C. § 846 (Count One); one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (Count Two); one count of possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Three); and one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count Four) [Criminal Case No. 3:19-cr-00093-RJC-DCK ("CR"), Doc. 11: Bill of Indictment]. After having been appointed four different attorneys [see CR 7/16/2020 Text Order], Petitioner agreed to plead guilty to Count Two in exchange for the dismissal of the remaining charges. [CR Doc. 49 at ¶¶ 1-2: Plea Agreement].

Before sentencing, a probation officer prepared a presentence report. The probation officer recommended a base offense level of 32 based on the total drug weight as well as a two-level firearm enhancement. [CR Doc. 67 at ¶¶ 24-25]. The probation officer also recommended that Plaintiff qualified as a career offender, identifying Petitioner's three prior qualifying offenses, including Possession with Intent to Distribute Crack Cocaine, Strong Arm Robbery, and Possess with Intent to Sell and Deliver Marijuana. [Id. at ¶ 30 (applying the 2018 Guidelines); see id. at ¶¶ 43-44, 50]. Because, however, the career offender offense level of 32 was less than the otherwise applicable level of 34, the probation officer recommended that the offense level remain at 34. [Id.]. After a three-level reduction for acceptance of responsibility, the total offense level was 31. [Id. at ¶¶ 31-33]. With a criminal history score of VI, the probation officer noted that the sentencing guidelines yielded a range of 188 to 235 months' imprisonment. [Id. at ¶¶ 57, 112].

As to drug quantity, Petitioner argued that he should not be responsible for 1,400 grams of crack cocaine, but rather only the amount with which he was found. [Id. at 13-15]. Petitioner also objected to the career offender enhancement. He argued that his predicate South Carolina conviction for Possession with Intent to Distribute Crack Cocaine was part of the Youthful Offender Program and that, although at the time it was considered an adult conviction, South Carolina had since raised the age limit for adult convictions to 18. [Id. at 38-39]. Petitioner argued that his conviction for Possession with Intent to Sell and Deliver Marijuana should not support the career offender enhancement because it involved only "about 3 grams of unbagged marijuana." [Id. at 39-40]. Petitioner asked the Court to depart below the guidelines and impose a ten-year sentence. [Id. at 46].

The Court concluded that the drug amounts used in the PSR are consistent with Petitioner's admissions, but that "[o]ut of an abundance of caution," the Court decided to use the amount pled

to rather than the information in the PSR. [Id. at 35-36; see CR Doc. 49 at ¶ 8(c)]. The Court, therefore, partially granted Petitioner's drug weight objection and used a base offense level of 30, rather than 32. [Id. at 36; see U.S.S.G. § 2D1.1(c)]. The Court overruled Petitioner's objection to the career offender enhancement, finding that Petitioner's three prior convictions supported the enhancement. [Id. at 41]. The Court determined that, with or without the career offender enhancement, Petitioner's total offense level was 29 and that his criminal history category was VI, yielding an advisory guideline range of 151 to 188 months' imprisonment. [Id. at 42-43; see U.S.S.G. §4B1.1(b)]. Emphasizing Petitioner's "relentless" recidivism and noting the "very serious nature" of Petitioner's offense, the Court sentenced Petitioner to a term of imprisonment of 180 months. [Id. at 48-51]. The Court later reduced Petitioner's sentence to 120 months. [CR Doc. 141].

Petitioner appealed his conviction and sentence and the Fourth Circuit affirmed. United States v. Davis, No. 21-4058, 2022 WL 1566771 (4th Cir. 2022). On April 25, 2023, Petitioner timely filed a motion to vacate under 28 U.S.C. § 2255. [Doc. 1; see id. at 13[1]]. Petitioner made several challenges to his sentence and several claims of ineffective assistance of counsel. In part, he argued that two of his prior qualifying career offender[2] offenses were "attempt controlled substance offenses" that no longer qualified as predicates under Campbell[3] and that "841 is an

---

[1] Petitioner attested that his motion to vacate was deposited for mailing on April 25, 2023. [Doc. 1 at 13]. As such, the Court considered it filed as of that date.

[2] Under U.S.S.G. §4B1.1(a), a defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. §4B1.1(a).

[3] In United States v. Campbell, the Fourth Circuit held that the career offender provision of the guidelines did not extend the definition of "controlled substance offense" to attempts to commit the substantive offenses enumerated in the definition. 22 F.4th 438, 445-46 (4th Cir. 2022).

3

attempt offense [and] therefore not an applicable offense to be a federal offense." [Id. at 4]. On September 15, 2023, this Court denied and dismissed Petitioner's motion to vacate. [Doc. 10]. Petitioner's sentencing challenges failed for several reasons. First, Petitioner waived the right to pursue post-conviction relief in his plea agreement and did not allege his waiver was involuntary. [Id. at 15]. Second, Petitioner's sentencing challenges were not cognizable on collateral review because he did not identify an error resulting in a fundamental defect. [Id. at 15-16]. And, third, Petitioner's claims were meritless in any event. The Court concluded that Petitioner was correctly found to be a career offender, noting that Petitioner has at least two prior convictions for a crime of violence or a controlled substance offense. [Id. at 16-17 (citing CR Doc. 67 at ¶¶ 43-44, 50; United States v. Simmons, 708 F. App'x 114, 114 (4th Cir. 2018) (holding South Carolina strong arm robbery is a "crime of violence" under the Guidelines); United States v. Miller, 75 F.4th 215, 230 (2023) (holding sale or delivery of a controlled substance under North Carolina law is a "controlled substance offense" under the Guidelines); United States v. Williams, 997 F.3d 519, 524-25 (4th Cir. 2021) (holding South Carolina conviction for possession with intent to distribute crack cocaine is categorically a "controlled substance offense"))]. The Court also found that Count Two, possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), is a controlled substance offense. On this point, the Court noted that Petitioner argued that § 841 "includes attempt offenses" and "should be excluded" as a controlled substance offense after Campbell. [Doc. 1-1 at 1]. However, United States v. Groves, 65 F.4th 166, 172-74 (4th Cir. 2023), which was decided on April 14, 2023, just nine days before Petitioner filed his motion to vacate, directly undermined this argument. In Groves, the Fourth Circuit held that 21 U.S.C. § 841(a)(1) is a "controlled substance offense" under the career offender guideline. 65 F.4th at 172-74. Petitioner did not appeal the denial of his motion to vacate.

4

On or about September 4, 2024, Petitioner moved the Court under Rule 60(b) to reconsider the denial of his § 2255 motion to vacate. [Doc. 15]. As grounds, Petitioner appears to argue that, at the time of his conviction and sentence, his offense of conviction under § 841 did not qualify as a career offender predicate under Campbell and so qualified only after Groves. In this regard, Petitioner "points to the Mailbox rule" and claims that he filed his motion to vacate before Groves and that the Court "filed [his] motion late," depriving him of "a positive argument with positive results." [Id. at 1-2]. For relief, Petitioner requests that the Court retroactively applies Campbell to "lift[ ]" his career offender status. [Id. at 2].

## II. DISCUSSION

Under Rule 60(b) of the Federal Rules of Civil Procedure, a court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud…, misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged…; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The Rule "codifies inherent judicial powers that were previously exercised through a gaggle of common-law writs, which the rule abolishes." United States v. Winestock, 340 F.3d 200, 204 (4th Cir. 2003). "[A] Rule 60(b) motion seeking relief from a final judgment is not a substitute for a timely and proper appeal." Dowell v. State Farm Fire and Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (citation omitted). "Therefore, before a party may seek relief under Rule 60(b), a party first must show 'timeliness, a meritorious [claim], [and] a lack of unfair prejudice to the opposing party." Id. (citing Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984)). "After a party has crossed this initial threshold, he then must satisfy one of the six specific sections

5

of Rule 60(b)." Id. (citing id.). As to timeliness, a Rule 60(b) motion "must be made within a reasonable time," and for reasons (1), (2), and (3) no more than a year after entry of judgment. Fed. R. Civ. P. 60(c)(1). When seeking relief under Rule 60(b)(6), the movant must also "show extraordinary circumstances justifying the reopening of a final judgment." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005) (internal quotation marks and alteration omitted.").

While Rule 60(b) is a rule of civil procedure, it applies to proceedings filed under 28 U.S.C. § 2255 "to the extent that [it is] not inconsistent with" applicable statutory provisions and rules. Rule 12, Rules Governing Section 2255 Proceedings for the United States District Courts; Gonzales, 545 U.S. at 534 ("Rule 60(b) has an unquestionably valid role to play in habeas cases."). Rule 4(b) of the Rules Governing Section 2255 Proceedings, on the other hand, provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" to determine whether the petitioner is entitled to any relief on the claims set forth therein. A Court may resolve a motion to vacate if, after examining the record, it determines it can be resolved based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

Where a petitioner seeks relief from a judgment under Rule 60(b) on grounds other than clerical mistake, courts must treat such a motion as seeking successive post-conviction relief when failing to do so would allow the applicant to evade the bar against relitigation of claims presented in prior application or the bar against litigation of claims not presented in a prior application. Winestock, 340 F.3d at 206 (requiring district courts to review Rule 60(b) motions to determine whether such motions are tantamount to a Section 2255 motion). Regarding Rule 60(b) motions that are actually attempts at successive collateral review, the Fourth Circuit has stated:

> a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking

> a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider.

Id. at 207.

Petitioner's motion here appears to do both. That is, Petitioner seems to argue that, on collateral review, the Court failed to give him the benefit of the mailbox rule and the state of the law when he claims to have filed his motion to vacate, and he seems to attack his sentence claiming he should not have been considered a career offender. "When a § 2255 movant files a mixed Rule 60(b) motion and § 2255 motion, the district court should afford the movant an opportunity to elect between deleting the improper claims or having the entire motion treated as a successive motion." United States v. Hood, No. 22-6514, 2023 WL 5992755, at *1 (4th Cir. 2023) (citing United States v. McRae, 793 F.3d 392, 394, 400 (4th Cir. 2015)). However, a district court may forego the opportunity for such election and address the respective parts of a hybrid Rule 60(b) successive § 2255 motion. See id.

To the extent Petitioner seeks relief under Rule 60(b) based the argument that he missed the benefit of Campbell because the Court belatedly filed his motion to vacate, this claim fails. To prevail under Rule 60(b), a party must make a threshold showing of (1) timeliness, (2) meritorious claim, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances. Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993). As noted, Rule 60(c)(1) requires that a Rule 60(b) motion must be made "within a reasonable time" after entry of judgment and sets one year as the outer limit of reasonableness when relief is sought based on excusable neglect, mistake, newly discovered evidence, or fraud. Fed. R. Civ. P. 60(c)(1); see Williams v. Tero Tek Intern., Inc., No. JKB-10-2752, 2013 WL 1156055, at *1 (D. Md. Mar. 20, 2013) (noting that the one-year time limit set in Rule 60(c) "is merely the outer limit within which such motion may be presented"); Holland v. Virginia Lee Co., Inc., 188 F.R.D. 241, 248 (W.D.

Va. July 23, 1999) (Rule 60(b) motions "must be made 'within a reasonable time,' with the further requirement that motions brought under subsections (1) through (3) of the rule be made not more than one year after judgment is entered"). Petitioner has the burden to show timeliness. Werner, 731 F.2d at 206-07.

The Fourth Circuit has "held on several occasions that a Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid reason is given for the delay." McLawhorn v. John W. Daniel & Co., Inc., 924 F.2d 535, 538 (4th Cir. 1991) (citing Central Operating Co. v. Utility Workers of America, 491 F.2d 245 (4th Cir. 1974), and Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Corp., 383 F.2d 249 (4th Cir. 1967)). See also, Wittenberg v. First Independent Mortg. Co., 599 Fed. App'x 463, 471 (4th Cir. 2013) (affirming denial of Rule 60(b) motion as untimely where it was filed nine months after disputed order and movant "[presented] no compelling explanation" for the delay). This Court has previously held that, because the purpose of Rule 60(b) is "to permit the district court to correct an erroneous judgment and thereby avoid the necessity of an appeal," "a reasonable time for filing a Rule 60(b) motion should not exceed that allowed for an appeal." Ferguson v. United States, 186 F.R.D. 340, 341 (W.D.N.C. Mar. 16, 1999) (finding Rule 60(b) motion untimely where not filed within 60-day appeal window) (internal citation omitted); see Bradley v. United States, 51 F.Supp.2d 696, 697 (W.D.N.C. Mar. 24, 1999) (finding Rule 60(b) motion filed within time to file a notice of appeal timely). Petitioner's motion to reconsider, which he filed nearly a year after the denial of his motion to vacate, is clearly untimely and he alleges no excuse or explanation for such delay. Petitioner, therefore, fails the first hurdle to relief under Rule 60(b).

Even if Petitioner's motion were timely, he fails to show that he has a meritorious claim or defense such that granting the relief he seeks would affect a different outcome. See Boyd v. Bulala,

8

Case 3:23-cv-00257-RJC   Document 16   Filed 09/30/24   Page 8 of 11

905 F.2d 764, 769 (4th Cir. 1990) ("Under all the provisions of Rule 60(b), a threshold condition for granting the relief is that the movant demonstrate that granting that relief will not in the end have been a futile gesture, by showing that she has a meritorious defense or claim."). That is, the Court properly considered Petitioner's motion to vacate filed as of April 25, 2023, when he deposited it for mailing, and properly concluded that Petitioner's offense of conviction under 21 U.S.C. §§ 841(a)(1) was a controlled substance offense for career offender purposes. Accordingly, Petitioner has also failed to overcome the second hurdle to relief under Rule 60(b).[4] Because Petitioner has failed to overcome these fundamental hurdles to relief under Rule 60(b), the Court, will deny and dismiss this part of Petitioner's motion.

To the extent Petitioner's motion seeks to relitigate his claim that § 841(a)(1) is not a controlled substance offense for career offender purposes, Petitioner's motion must be construed as a § 2255 motion to vacate, notwithstanding its caption. See Gonzalez v. Crosby, 545 U.S. 524, 530-31 (2005) (holding that Rule 60(b) motions are treated as successive habeas petitions); Everette v. United States, No. 5:04-cv-358, 2012 WL 4486107, at *2-3 (E.D.N.C. Sept. 28, 2012); United States v. MacDonald, 979 F. Supp. 1057, 1068 (E.D.N.C. 1997) (stating a motion to reopen is akin to a successive habeas petition). Since Petitioner has already filed a motion under § 2255 and this Court has adjudicated the motion on the merits, Petitioner's instant motion is a "second or successive" motion under § 2255. Winestock, 340 F.3d at 206.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit

---

[4] The Court declines to address the requirement that Petitioner show that the Government would not suffer unfair prejudice if the judgment were set aside, as these first threshold elements are so plainly lacking.

9

before this Court will consider any second or successive petition under 28 U.S.C. § 2255. Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition. See also 28 U.S.C. § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"). Accordingly, this successive petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

## III.  CONCLUSION

The Court, therefore, will deny Plaintiff's motion both under Rule 60 and as a successive § 2255 motion as further provided in this Order. The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. at 484-85. As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's "Pro-Se Motion Rule 60(b)" [Doc. 15] is **DENIED** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED**.

Signed: September 30, 2024

Robert J. Conrad, Jr.
United States District Judge